**Dated: December 16, 2015**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In re:                              )
                                    )
ELSA D. CERVANTES,                  )   Case No. 15-13121-SAH
                                    )   Chapter 7
                Debtor.             )

**ORDER (i) DENYING MOTIONS FOR ADDITIONAL TIME TO FILE
COMPLETED PAY ADVICES AND NOTICE OF OPPORTUNITY FOR
HEARING [DOCS. 21 AND 22] AND (ii) DISMISSING BANKRUPTCY CASE**

On December 16, 2015, the (i) Debtor's Second Motion for Additional Time to File Completed Pay Advices and Notice of Opportunity for Hearing [Doc. 21], filed by Elsa D. Cervantes ("Debtor") on November 12, 2015, and (ii) Debtor's First Amended Motion for Additional Time to File Completed Pay Advices and Notice of Opportunity for Hearing [Doc. 22], filed by Debtor on November 19, 2015 (collectively, the "Motions") came on for consideration by the Court. In the Motions, Debtor sought an extension of time to file her pay advices out of time.

11 U.S.C. § 521(a)(1)(iv) provides that "[t]he debtor shall . . . file . . . copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor."[1]  Debtor has not filed her pay advices.

11 U.S.C. § 521(i)(1) sets an absolute deadline for filing pay advices as follows:

> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

Section 521(i)(1) is not ambiguous - it provides that a bankruptcy case is automatically dismissed on the 46th day after the petition is filed if the individual debtor fails to file the Section 521(a)(1) papers within 45 days of filing the petition.  In re Fawson, 338 B.R. 505 (Bankr. D. Utah 2006).  Once a determination that all of the provisions of Section 521(i)(1) are met, and subject to subparagraphs (3)[2] and (4),[3] the statute is clear about the Court's duties under Section 521(i)(1).

---

[1] Fed. R. Bankr. P. 1007(c) provides that pay advises are to be filed with the petition or within 14 days thereafter.

[2] 11 U.S.C. § 521(i)(3) provides:  "Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing."

[3] 11 U.S.C. § 521(i)(4) provides:  "Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case."

<u>Fawson</u>, 338 B.R. at 511.

As a result, where a debtor (i) does not file her payment advices within 45 days of the petition date and (ii) does not request additional time before expiration of the 45-day limit under Section 521(i)(3), and the trustee does not file a motion under Section 521(i)(4), the debtor's bankruptcy case is automatically dismissed by operation of the statute. <u>In re Ott</u>, 343 B.R. 264 (Bankr. D. Colo. 2006); <u>In re Cloud</u>, 356 B.R. 544, 545 (Bankr. N.D. Okla. 2006). After the expiration of the specified period set forth in Section 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom. <u>Ott</u>, 343 B.R. at 268.

Debtor filed her voluntary petition on August 18, 2015. The 45-day deadline to file her pay advices or face automatic dismissal was Friday, October 2, 2015. It was not until November that Debtor sought to extend the time to file the pay advices, which was well after the expiration of the 45-day deadline.[4] Thus, this Court's hands are tied. <u>Fawson</u>, 338 B.R. at 511; <u>Ott</u>, 343 B.R. at 268; <u>Cloud</u>, 356 B.R. at 545. It cannot grant an extension of time for Debtor to file her pay advices as Debtor failed to either file the pay advices or seek an extension of time to file the pay advices within 45 days of their petition date as required by Section 521(i)(1) and (i)(3).

As Debtor failed to timely file her pay advices as required by Section 521(i)(1)(B)(iv) within the time established by Section 521(i)(1), this bankruptcy case was automatically dismissed by operation of law effective October 5, 2015, the Monday after the 46th day after the date of filing the petition.

IT IS SO ORDERED.

# # #

---

[4]Debtor obtained one extension to September 28, 2015, to file the pay advices and Schedules I and J, but nevertheless did not file such documents before September 28, 2015.